[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13041
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00064-TJC-JBT-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE MITCHELL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 9, 2016)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

David Mitchell appeals his 120-month total sentence, imposed above the Guideline range, after pleading guilty to aiding and abetting attempted bank fraud, in violation of 18 U.S.C. §§ 1344(2) and 2, aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and aiding and abetting the possession of counterfeit securities, in violation of 18 U.S.C. §§ 513(a) and 2. On appeal, Mitchell argues that the sentence was procedurally and substantively unreasonable. After review,[1] we affirm.

## I. DISCUSSION

We briefly summarize the facts recounted by the district court when it determined Mitchell's sentence. Mitchell, now fifty-six years old, first became involved in criminal activity in 1982, when he was convicted of perjury in official proceedings. His presentence investigation report lists twenty-six other convictions since then, including battery, burglary, grand theft, and multiple convictions for forgery, uttering forged instruments, and executing fictitious checks. He was convicted of passing stolen checks in 1988, the first of seventeen convictions for similar offenses, committed steadily over the years until his most recent in 2011. The district court observed that none of these convictions appeared to deter Mitchell from returning to the same conduct each time.

---

[1] We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).

"When reviewing for procedural reasonableness, we ensure that the district court:  (1) properly calculated the Guidelines range; (2) treated the Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence."  *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). Mitchell bears the burden of showing his sentence is procedurally unreasonable, *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1223 (11th Cir. 2010), and he takes issue only with the second factor listed above, contending the district court failed to give the Guidelines range due consideration, resulting in the Guidelines carrying effectively no weight at all.  It is true that even though it is not bound by the Guidelines, "a sentencing court may not give them so little consideration that it amounts to not giving any real weight to the Guidelines range in imposing the sentence."  *United States v. Irey*, 612 F.3d 1160, 1218 (11th Cir. 2010) (en banc) (quotation omitted).  But here, the district court thoroughly explained its sentence, touching on each of the § 3553(a) factors, and expressing its conviction that the Guidelines sentence was not sufficient to achieve those purposes.  Indeed, the court specifically and extensively explained why the Guidelines result was inappropriate in this case.  The court was entitled to place great weight on Mitchell's criminal history and the need for general and specific deterrence to protect the public, noting that Mitchell had been committing crimes for decades, including multiple

3

instances of the same fraudulent activity resulting in the present guilty plea. *See* 18 U.S.C. § 3553(a)(1), (2); *see also United States v. Williams*, 526 F.3d 1312, 1322–23 (11th Cir. 2008) (holding a sentence to be reasonable where the sentencing court explained why it attached great weight to one § 3553(a) factor). There was no procedural error.

Nor was Mitchell's sentence substantively unreasonable. *Irey,* 612 F.3d at 1189 ("A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." (quotation omitted)). It is true that "[a] major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of variance." *Id.* at 1198 (quotation omitted). However, the court explicitly and comprehensively considered all of the relevant factors in making its decision. That Mitchell's conviction was for an ordinary, low-level economic crime is not dispositive; the court was entitled to place comparatively more weight on the fact that these violations were part of a much broader and continuing pattern spanning decades. *Williams*, 526 F.3d at 1322–23. The resulting sentence was below the thirty-year statutory maximum Mitchell could have received, and we have upheld variances of comparable magnitude. *See United States v. Gonzalez*, 550 F.3d

4

1319, 1324 (11th Cir. 2008) (holding that a sentence under the maximum statutory sentence available under law is an indicator of reasonableness); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256–57 (11th Cir. 2015) (upholding sentence more than three times as long as the top of the Guidelines range); *United States v. Early*, 686 F.3d 1219, 1221–23 (11th Cir. 2012) (upholding sentence 113 months above the Guidelines range).  The district court's thorough and forthright discussion of the § 3553(a) factors in sentencing Mitchell does not leave a "definite and firm conviction that the district court committed a clear error of judgment." *Irey*, 612 F.3d at 1190.

## II. CONCLUSION

For the foregoing reasons, we affirm Mitchell's sentence.

**AFFIRMED.**